UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Govan, | C/A No. 4:23-cv-6244-JD-KDW |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Coastal Walls and Ceiling; William Arnold; and Deborah Arnold, | |
| Defendants. | |

This employment-related matter is before the court for issuance of a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff began this action by filing a Complaint on December 4, 2023. Compl., ECF No. 1. Because Plaintiff is proceeding without representation (pro se) the undersigned reviewed Plaintiff's pleading and determined additional information was required to bring his case into proper form. Proper Form Orders, ECF No. 9 (granting Plaintiff's request to proceed in forma pauperis and instructing Plaintiff to provide service documents and a summons); ECF No. 22 (requiring Plaintiff to provide a summons). In responding to the Proper Form Orders Plaintiff indicated he was pursuing his case against Coastal Walls and Ceiling; William Arnold; and Deborah Arnold. He indicated he was not pursuing the matter against certain other defendants he previously had listed. *See* Notice of Voluntary Dismissal, ECF No. 26 (dismissing claims against Brad May, Charlotte Walls and Ceiling, Inc., John Does 1-10, and Dolorita Degraffenreid). The court authorized service of the Complaint on Coastal Walls and Ceiling;[1] William Arnold; and Deborah Arnold ("Defendants"). ECF No. 28. All Defendants have now been served. *See* ECF Nos. 33, 34, 48. On April 18, 2024, Defendants filed a

---

[1] Defendant Coastal Walls and Ceiling indicated it is properly identified as "Coastal Walls and Ceilings, LLC." Defs. Mem. 1, ECF No. 35.

joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the entire Complaint for failure to state a claim. Defs. Mem., ECF No. 35.[2] Plaintiff opposes the Motion. ECF No. 44. Defendants filed a Reply. ECF No. 45. Having considered the parties' filings and applicable law, the undersigned recommends Defendants' Motion to Dismiss, ECF No. 35, be *granted*, and Plaintiff's Complaint be dismissed. It is further recommended that Plaintiff be given a reasonable opportunity to amend his Complaint.

I.     Legal standard

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Typically, the court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading.[3] *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all

---

[2] Defendants briefly also submit they alternatively move for a more definite and certain statement pursuant to Rule 12(e) because "the allegations are so vague that Defendants cannot properly respond to the Complaint." Defs. Mem. 3.
[3] As noted within, for fraud-related allegations, Federal Rule of Civil Procedure 9 imposes a more stringent pleading standard.

of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *Kolon Indus.*, 637 F.3d at 440 (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

Here, Defendants look to Federal Rule of Civil Procedure Rule 9(b) to challenge the pleading sufficiency of Plaintiff's fraudulent representation claim. Rule 9(b) provides that "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9(g) states that "when items of special damages are claimed, each shall be averred." As recently explained in this court,

> As with Rule 8, failure to comply with the special pleading requirements set forth in Rule 9 is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). Federal courts sitting in diversity apply federal procedural law and state substantive law. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013). Pleading standards are procedural and, thus, federal law applies. *Fuller v. Aliff*, 990 F. Supp. 2d 576, 580 (E.D. Va. 2013).

3

*Johnson v. Pennymac Loan Servs., LLC,* No. 4:23-CV-3426-JD-TER, 2024 WL 3656493, at *4 (D.S.C. July 24, 2024).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further, "a court may not act as [a pro se] litigant's advocate and construct legal arguments that the plaintiff has not made[.]" *Warren v. Tri Tech Labs., Inc.*, 993 F. Supp. 2d 609, 613 (W.D. Va.), *aff'd,* 580 F. App'x 182 (4th Cir. 2014) (citing *Brock v. Carroll,* 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

II.    Allegations in Plaintiff's Complaint

Considered in the light most favorable to Plaintiff, the nonmoving party, the "Statement of Facts" in the Complaint includes the following allegations:

- Plaintiff "has been employed by the Defendant[4] for over 7 years and qualifies as an employee under the definitions provided by the Fair Labor Standards [Act,] 29 U.S.C. § 203." Compl. ¶ 11.
- Throughout his employment Plaintiff "has been subjected to numerous tortious acts including but not limited to coercion and infringements on their federal statutory rights to compensation with regard to equitable pay in various regards, particularly with the working extra hours

---

[4] As discussed more fully within, Plaintiff often references "Defendant" or "Defendants" without specifying which Defendant or Defendants is intended. In "Exhibit B" to Plaintiff's Complaint he identifies William Arnold as "Owner and President" and Deborah Arnold as "Owner" (presumably of Coastal Walls and Ceiling). ECF No. 1-1 at 2.

- during the week and then misrepresenting that work took place on Saturday hours without compensation for the same as prescribed by federal law." *Id.* ¶ 12.
- For over seven years Defendant has been "misrepresenting information to the IRS regarding the Plaintiff's working hours throughout the week and misrepresenting that work took place on Saturdays when it did not in order for them to be able to embezzle the excess amounts for themselves in the instant matter." *Id.* ¶ 13. Plaintiff was "threatened with termination if they opposed any of this unlawful conduct. Now, the IRS is garnishing Plaintiff's wages as a result of the misrepresentations engaged in by the Defendants in this instant matter." *Id.*
- After working over seven years without a raise, Plaintiff "informed the Defendant of their grievances only to be retaliated against through the garnishment of their wages by the IRS which caused financial hardship to the Plaintiff." Compl. ¶ 15.
- Defendant "also forged the amount of Dependents of the Plaintiff on their W-4 forms in furtherance of their misrepresentation and embezzlement attempts" to Plaintiff's detriment. Compl. ¶ 15; *see also* ex. A to Compl., ECF No. 1-1 at 1 (W-4 form signed by Plaintiff on November 19, 2020; claiming $2000 in the "Dependents" portion of the form).
- Plaintiff has suffered financial damages "in addition to special damages from personal injury and harm in the form of permanent damage to their hands caused by the excessive hours worked during the week in the instant matter without compensation which includes special damages for pain and suffering as well as ongoing medical expenses and treatment in addition to any and all other necessary and applicable damages resulting from the tortious conduct of the Defendant in the instant matter." Compl. ¶ 17.

The Complaint then sets out the following causes of action: I) Breach of contract; II) Fraudulent misrepresentation; III) Personal injury ("Against John Doe Manager in Individual Capacity"[5]); IV) Violation of Fair Labor Standards Act 29 U.S.C. § 203, *et seq*.

III.    Analysis

Defendants seek dismissal for failure to state a claim as to each of Plaintiff's causes of action. Before detailing their arguments as to each claim, Defendants first argue Plaintiff impermissibly has bound all claims together as to all Defendants. Unsurprisingly, Plaintiff takes issue with Defendants arguments. The court considers each in turn.

---

[5] Plaintiff's Complaint listed "Coastal Walls and Ceiling, John Does 1-10" as Defendants in the initial caption. Compl. at 1. Plaintiff also attached an "Exhibit B" to the Complaint that listed the Defendants as William Armond, Deborah Arnold, Coastal Walls and Ceiling (local branch), Charlotte Walls & Ceiling, Inc. (Headquarters), Dolorita Degraffenreid (Human Resources) and Brad May (Myrtle Beach Branch Manager). ECF No. 1-1 at 2. As noted above, however, in providing service documents Plaintiff advised the court it was suing only Coastal Walls and Ceiling, William Arnold, and Deborah Arnold.

A.      Facts added in Plaintiff's opposition memorandum cannot be considered

In opposing the Motion to Dismiss Plaintiff included a "Counter-Statement of Facts" in his memorandum. Pl. Mem. 4-6, ECF No. 44. As an initial matter, the court agrees with Defendants' argument that any additional facts provided by Plaintiff in his response to the pending Motion to Dismiss are not properly before the court and cannot be considered. *See* Reply 1-2, ECF No. 45. The pending Motion challenges the sufficiency of Plaintiff's Complaint. Plaintiff cannot amend his Complaint by providing additional factual allegations in opposing the motion. *See, e.g., Huddleston v. Wells Fargo Bank, N.A.*, C/A No. 0:23-2112-SAL-PJG, 2023 WL 8474515, at *4 (D.S.C. Oct. 11, 2023); *Celester v. Baker Buick & GMC*, C/A No. 2:22-cv-01748-BHH-KDW, 2023 WL 4422533, at *3 (D.S.C. June 21, 2023) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citations omitted)). This is true even when, as here, the pleader is a pro se litigant. *Banks v. Sec'y of the Dep't of Homeland Security*, C/A No. 6:19-2654-TMC-KFM, 2020 WL 10457662, at *5 (D.S.C. Oct. 28, 2020) (quoting *Nix v. McCabe Trotter & Beverly, P.C.*, C/A No. 18-cv-1360-DCN-BM, 2018 WL 6112991, at *4 n.8 (D.S.C. Sept. 10, 2018), *R&R adopted by* 2018 WL 5263276 (D.S.C. Oct. 23, 2018)). "'To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.'" *Banks*, 2020 WL 10457662, at *5 (quoting *Weakley v. Homeland Sec. Sols., Inc.*, C.A. No. 14-CV-785, 2015 WL 11112158, at *5 (E.D. Va. May 19, 2015)). For purposes of ruling on the pending Motion to Dismiss, only factual allegations found in the Complaint will be considered in analyzing Defendants' Motion.

B.      Causes of action

As an initial matter, the court generally agrees with Defendants' argument that Plaintiff's pleading cannot pass muster when he does not plead with specificity to which Defendant he is referring when making claims against a singular "Defendant" while suing multiple "Defendants." Defs. Mem.

6

7.[6] In reviewing the specific causes of action the court will construe the pleading in the light most favorable to Plaintiff. Plaintiff is reminded, though, that he must do more than allege generic liability; he is to explain what action or inaction is attributable to which Defendant or Defendants. Similarly, if he does not attribute any specific actions or inactions to any of the three served Defendants, those Defendants would be subject to dismissal. Where "there are no allegations of any wrongdoing" by a specific defendant, the complaint "fails to state a claim on which relief can be granted as to [that d]efendant." *Greene v. Stirling*, No. 5:16-cv-00587-JMC-KDW, 2016 WL 11201007, at *2 (D.S.C. June 17, 2016), *Report and Recommendation adopted by* 2017 WL 1420238 (D.S.C. Apr. 21, 2017). Plaintiff's generic response that his Complaint describes a "coordinated scheme of misconduct involving all named defendants" and "a systematic pattern of behavior," Pl. Mem. 7-8, does nothing to diminish this pleading requirement.

   1. Breach of contract

Plaintiff's first cause of action is for breach of contract. Compl. ¶¶ 19-24. Plaintiff avers that the "parties had a contractual agreement as it pertains to the employment of the Plaintiff by the Defendant," that Defendant "engaged in the unjustified breach of said contract through the garnishing of the Plaintiff's wages without case or justification," and that Defendant caused Plaintiff damages "in the form of financial hardship for which the Plaintiff has not been compensated[.]" Compl. ¶¶ 21-24.

Both parties agree that South Carolina substantive law applies to the state-law-based claims. As Plaintiff indicates in the body of his Complaint and Defendants note in their memorandum, the elements of a breach of contract action in South Carolina are as follow: 1) a binding contract between the parties; 2) an unjustifiable failure to perform the contract; and 3) damage suffered by Plaintiff as a

---

[6] Defendants' concern about Plaintiff's binding the "alleged John Doe defendants" with the other named defendants, Defs. Mem. 7, is unfounded as there remain no "John Doe" defendants in this matter.

7

direct and proximate result of the breach. Compl. ¶ 20; Defs. Mem. 8 (both citing *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962)).

Defendant seeks Rule 12(b)(6) dismissal of the breach of contract claim, arguing the Complaint does not include details sufficient to identify the contract he alleges he has or with which Defendant(s) he has a contract, nor does the pleading explain the terms of the contract that allegedly were breached. Further, although Plaintiff characterizes the wage-garnishment as the contractual breach, he seems to allege the IRS (presumably the United States Internal Revenue Service) is the entity that garnished the wages. Accordingly, Defendants argue, Plaintiff has not set out a plausible breach-of-contract cause of action. Defs. Mem. 8-9.

In response to the Motion, although citing a case from New York, Plaintiff correctly notes that, in some instances, an employment relationship creates an implied contract. Pl. Mem. 10. Plaintiff then submits that his Complaint "details Defendants' failure to pay Plaintiff for overtime work as agreed upon, which is a direct violation of the agreed terms and a clear breach of contract." *Id.* at 11. Plaintiff submits that this provides enough at the pleadings stage. *Id.*

On Reply, Defendants correctly assert that, while there are situations in which an employment relationship may create an implied contract, Plaintiff still must plead sufficient factual allegations to set out the existence of such. Defs. Mem. 4 (citing, *inter alia, Oroujian v. Delfin Group USA LLC*, 57 F. Supp. 3d 544, 536 (D.S.C. 2014)). Defendants further note that Plaintiff has provided "no clarification or new factual allegations setting out with whom Plaintiff entered into an employment or otherwise contractual relationship." Defs. Mem. 4-5. Further, Defendants note Plaintiff has not explained with which Defendant(s) Plaintiff claims to have entered into a contractual relationship. *Id.* at 5.

Plaintiff's breach-of-contract cause of action has not been sufficiently pleaded. He has not set forth with any particularity the terms of the alleged contract, the specific parties, or the specific manner

8

in which any contract allegedly was breached. "[I]n South Carolina, at-will employment is the default employment status." *Weaver v. John Lucas Tree Expert Co.*, No. 2:13-CV-01698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013). A promise of at-will employment "creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed." *Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 482 (D.S.C. 2012), *aff'd* No. 12-2538 (4th Cir. July 12, 2013). The court does note that, while Plaintiff's opposition memorandum characterizes the breach of contract as the "non-payment of wages for overtime work," Pl. Mem. 11, nothing in the Complaint under consideration includes that sort of information, nor does it provide details of the alleged contract.

At bottom, despite his statement to the contrary, Pl. Mem. 11, Plaintiff's Complaint does not "detail Defendants' failure to pay Plaintiff for overtime work as agreed upon." The Complaint does not plainly explain Plaintiff's allegations as to how he believes Defendants improperly compensated him. Plaintiff obliquely refers to being required to work "extra hours during the week and then misrepresenting that work took place on Saturday hours without compensation for the same as prescribed by federal law." Compl. ¶ 12. He then avers Defendant has been misrepresenting information to the IRS so that Defendant could "embezzle the excess amounts" and that the IRS is garnishing Plaintiff's wages as a result of Defendants' misrepresentations. *Id.* ¶ 13. These convoluted averments do not set out with any factual clarity an allegation that Defendants failed to pay Plaintiff for overtime work, much less that these actions constituted a breach of contract (or the terms of and parties to any such contract). The breach of contract claim is subject to dismissal.

  2. Fraudulent misrepresentation

Next, Defendants seek Rule 12(b)(6) dismissal of Plaintiff's fraudulent misrepresentation claim, arguing the Complaint does not satisfy the heightened pleading standards applicable to fraud claims. Defs. Mem. 9-10; Reply 5-6. Plaintiff submits his pleading is adequate in this regard. Pl. Mem. 12-14.

As explained by another court in this District, the pleading-sufficiency of this fraud claim is considered under Federal Rule of Civil Procedure 9; failure to satisfy Rule 9's requirements is considered failure to state a claim pursuant to Rule 12(b)(6):[7]

> Rule 9(b) imposes a heightened pleading standard on fraud claims, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To meet this standard, a plaintiff must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). *See also U.S. ex rel. Kasowitz Benson Torres LLP v. BASF Corp.*, 285 F. Supp. 3d 44, 47 (D.D.C. 2017) ("To allege fraud, a plaintiff must state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was obtained or given up as a consequence of the fraud." (citing *U.S. ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981))). These facts are often "referred to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson*, 525 F.3d at 379 (citation omitted). Failure to comply "with Rule 9(b)'s particularity requirement for allegations of fraud is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison*, 176 F.3d at 783 n.5 (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

*Sanders v. Domingo*, No. 3:21-CV-02415-JMC, 2022 WL 173891, at *2 (D.S.C. Jan. 18, 2022).

In his fraudulent misrepresentation claim Plaintiff references the "entirely separate action of receiving unjustified benefits from Plaintiff's paychecks in the instant matter by misrepresenting their working hours. In addition, the Defendant also forged the Plaintiff's amount of dependents on their W-4 which also constituted fraudulent misrepresentation and forgery to the detriment of the Plaintiff (Exhibit A and Exhibit B)." Compl. ¶ 27; Exhibit A appears to be Plaintiff's 2020 W-4 form; Exhibit B is his list of "Defendants". In setting out allegations concerning this claim, Plaintiff avers the following:

---

[7] "'Federal courts sitting in diversity apply federal procedural law and state substantive law.'" *Johnson v. PennyMac Loan Servs., LLC*, No. 4:23-CV-3426-JD-TER, 2024 WL 3656493, at *4 n.2 (D.S.C. July 24, 2024) (quoting *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n. 3 (4th Cir. 2013). Pleading standards are procedural; therefore, thus, federal law applies. *Id.*

>29. Here, the Defendant was fully aware of the falsity of their actions and misrepresentations as it pertained to the Saturday work of the Plaintiff which did not take place and their intention to defraud the company and the government through the receipt of kickbacks illegally by coercing the Plaintiff not to receive the payment for the misrepresented hours that they were legally entitled to as well as consequences if they were to assert their rights in the instant matter in unlawful retaliation against the Plaintiff for asserting a legal right.
>30.     The Defendant engaged in this conduct for their own benefit and with the intent to deceive and defraud others including the Plaintiff of the additional payments based on the misrepresentations described herein.
>31.     For over 7 years, the Defendant has been collecting kickbacks by misrepresenting the Plaintiff's working hours on Saturdays in order for them to be able to embezzle the excess amounts for themselves in the instant matter. Also, the Plaintiff was threatened with termination if they opposed any of this unlawful conduct.
>32.     The misrepresentations engaged in by the Defendant through their manager resulted in the direct and proximate causation of damages to the Plaintiff for which the Plaintiff has not been compensated for through the instant moment thereby giving rise to the instant claim for fraudulent representation with the intent to deceive, entirely separate from the original breach of contract as it pertains to the garnishment of wages by the IRS.
>33.     As a result, the Plaintiff is seeking compensatory and punitive damages for any and all damages resulting directly and proximately from the Defendant's conduct in an amount to be determined at trial in addition to any and all other relief that is deemed fair and equitable by this Honorable Court.

Compl. ¶¶ 29-32.

Fundamentally, Plaintiff's pleading is deficient in that it does not state with particularity the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d at 379. Plaintiff suggests the fraudulent misrepresentation claim relates to one or more unspecified Defendants misrepresenting the hours Plaintiff worked. The only reference to a particular individual associated with Defendant is "their manager," Compl. ¶ 32, an individual not called by name. Further, the "Defendant" initially listed as the "Myrtle Beach Branch Manager," was not named in the operative Complaint and is not a Defendant herein. To whom Defendant or Defendants made any fraudulent misrepresentation is far from clear. The interplay with Plaintiff's W-4 form and the IRS is similarly unclear.

11

Plaintiff simply has not set out his fraudulent misrepresentation claim with sufficient particularity. The undersigned recommends dismissal. This is so even in light of the "charge that '[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.'" *Scott v. Scott*, No. 3:22-CV-02800-SAL, 2023 WL 11886699, at *4 (D.S.C. Mar. 3, 2023) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Here, however, the court is not satisfied that Defendants have been made aware of the particular circumstances for which they will have to prepare a defense. *See Scott*, 2023 WL 11886699, at *4 (granting dismissal for failure to satisfy Rule 9(b)'s heightened pleading requirement). The Complaint consists of confusing allegations related to misrepresentations, kickbacks, falsification of IRS forms, and the IRS' garnishment of Plaintiff's wages. As currently pleaded the identity of those making such representations, to whom, when, and to what end are far from clear. Defendants' Motion should be granted as to Plaintiff's fraudulent misrepresentation claim.[8]

3. Personal injury

Defendants also seek dismissal of Plaintiff's Third Cause of Action for "Personal Injury," brought "against John Doe manager in individual capacity." Compl. ¶¶ 34-45. Defendants submit that the claim is a negligence-based claim for workplace injury and is precluded by the South Carolina Workers' Compensation Act ("SCWCA"). *See* Defs. Mem. 15-17; Reply 8-9.

---

[8] Furthermore, to the extent Defendants' challenge is considered one to the substance of Plaintiff's fraudulent misrepresentation claim dismissal is also appropriate. To prevail on such a claim under South Carolina law, Plaintiff "must "allege and prove: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Karoue v. Blue Cross Blue Shield of S.C.*, 3:13-cv-01844, 2014 WL 792140, at *5 (D.S.C. Feb. 25, 2014) (internal citation omitted).

Much of Plaintiff's "Personal Injury" cause of action is comprised of several paragraphs of a hornbook-like explanation about how South Carolina's workers' compensation system operates and is "usually the only way you can take legal action against your employer with regard to a workplace injury or illness." Compl. ¶ 35. Plaintiff then notes there are exceptions that may permit an employee to "bring suit against third parties such as product manufacturers, contractors, or other vendors after a workplace injury or illness." Compl. ¶ 36. Plaintiff then includes a general recitation of the elements of a negligence claim: duty of care, negligence (breach of duty), causation, and damages. Compl. ¶ 40.

The arguably substantive portion of Plaintiff's "Personal Injury" cause of action avers that "the instant personal injury claim goes against the manager that was directly responsible for the Saturday kickback abuse and misrepresentations complained of in the instant matter (unbeknownst to the actual employer)." Compl. ¶ 37. This manager is unnamed. Plaintiff submits he has "established that there is a duty of care in the instant matter stemming from the manager's responsibilities of the workplace in the instant matter (separate from the company all together)." Compl. ¶ 41. Plaintiff continues, averring the "breaches of this duty of care" are "self evident as they include the coerced over-working of the Plaintiff in the instant matter without fair compensation and with the use of coercive tactics for failure to comply with the Defendant's demands to comply with the Saturday kickback conspiracy to embezzle funds." Compl. ¶ 42. Plaintiff submits this "coerced overworking" resulted in "permanent damages to the hands of the Plaintiff which are used consistently in the type of work normally provided by the Plaintiff for the Defendant in the industry of Walls and Cleaning work." Compl. ¶ 43. Plaintiff submits "Defendant's breach of protocols" have caused him to suffer damages such as "medical bills, lost wages, rehabilitation costs, pain, and suffering." Compl. ¶ 44.

The SCWCA contains an exclusivity provision, which states as follows:

> The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death . . . .

S.C. Code Ann. § 42-1-540. Based on this provision, South Carolina courts hold that the SCWCA provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his or her employment. *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002). The only exceptions to the exclusivity provision are: (1) when the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) when the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) when the tort is slander and the injury is to reputation; or (4) when involving certain occupations expressly excluded by the SCWCA. *Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 n.2 (S.C. 2002).

Defendants submit the SCWCA's exclusivity provision applies to Plaintiff's claims and no exception applies. Defs. Mem. 15-17. As noted by Defendants, the "intentional injury exception is construed narrowly and does not include allegedly injuries that fall short of "conscious and deliberate intent directed to the purpose of inflicting an injury." *Sibert v. Raycom Media, Inc.*, No. 3:17-cv-1544-CMC, 2017 WL 3721238 at *3 (D.S.C. Aug 29, 2017). *See* Defs. Mem. 15-16. Further, Plaintiff has admitted he is an employee, and he is attempting to make a personal-injury-type claim against an unnamed "John Doe" manager who allegedly was "responsible for the Saturday kickback abuse and misrepresentations . . . unbeknownst to the actual employer." Compl. ¶ 37.

While Plaintiff's allegations in the pleading sound in negligence, in his opposition to Defendants' Motion he seems to attempt to recast them as claims for actions that "were not merely negligent but involved intentional misrepresentations and policies that led directly to Plaintiff's injuries—specifically, the permanent damage to his hands due to coerced overworking." Pl. Mem. 17.

14

As noted above, Plaintiff cannot inject additional averments into the Complaint by making new arguments or allegations in his opposition memorandum. Further, even if the court were to consider Plaintiff's Complaint as including a claim for intentional injury, he has not set out a claim sufficient to show "conscious and deliberate intent directed to the purpose of inflicting an injury." *Sibert*, 2017 WL 3721238, at *3. Plaintiff's Third Cause of Action is subject to dismissal as it is precluded by the SCWCA.[9]

4. FLSA

Defendants also seek dismissal of Plaintiff's fourth and final cause of action for "Violation of Fair Labor Standards Act 29 U.S.C. § 203, et seq.," Compl. ¶¶ 46-54, arguing it is unclear under which section or sections of the FLSA Plaintiff is pursuing his claim and he has not set out a plausible claim. Defs. Mem. 12-15.

As properly noted by Defendants, minimum-wage-related FLSA claims are brought pursuant to 29 U.S.C. § 206; overtime-pay-related FLSA claims are brought pursuant to 29 U.S.C. § 207. To establish a prima facie minimum-wage-based claim under § 206 "a plaintiff's complaint must show that '(1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce …; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position.'" *Aspinall v. Keller*, No.: 8:22-cv-04706-TMC-JDA, 2023 WL 8367706 at *5 (D.S.C. Apr. 7, 2023) (quoting *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473 (E.D. Va. 2014) (citation omitted); 29 U.S.C. § 206.

---

[9] Further, Plaintiff has not made clear against which Defendant or Defendants he seeks to bring this claim. The "John Doe" manager is not a Defendant (nor would naming such a Defendant salvage this claim).

15

For an overtime-pay related claim under 29 U.S.C. § 207, a plaintiff must "provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his … employer failed to pay the requisite overtime premium for those overtime hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). As another court in this District has noted, this "requires 'more than merely alleg[ing] that they regularly worked in excess of forty hours per week without receiving overtime pay' but cautioned plaintiffs are not required "to identify a *particular* week in which they worked uncompensated overtime hours.'" *Lucas v. United Parcel Serv., Inc.*, No. 3:21-CV-02328-SAL, 2022 WL 4533787, at *6 (D.S.C. Sept. 2, 2022) (quoting *Hall*, 846 F.3d at 777) (internal citations omitted).

Plaintiff's Complaint entitles the Fourth Cause of Action as one brought for violation of the FLSA, but does not specify which type of claim he is bringing. Curiously, Plaintiff also references South Carolina's Payment of Wages Act.[10] Compl. ¶ 47. The remainder of Plaintiff's Fourth Cause of Action provides as follows:

> 48. Under federal law, employers who fail to pay proper wages may be liable for up to double the amount of unpaid back wages plus costs and attorney's fees incurred by employees. These cases can be brought by pay lawyers on a class or collective basis on behalf of all workers who were subjected to the same illegal pay practices.
> 49. An employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by S.C. Labor law.
> 50. Each of these provisions of Fair Labor Standards Act were violated both with regards to the federal law and the state law, thereby giving rise to the instant claim.
> 51. Throughout the course of employment, the Plaintiff has been subjected to numerous tortious acts including but not limited to coercion and infringements on their federal statutory rights to compensation with regards to equitable pay in various regards, particularly with the excessive overworking of the Plaintiff during the week and the misrepresentation of working of the Saturday hours.
> 52. For over 7 years, the Defendant has been collecting kickbacks by misrepresenting the Plaintiff's working hours on Saturdays in order for them to be able

---

[10] Plaintiff provides no detailed discussion of the South Carolina Unpaid Wages Act, nor has his pleading plausibly set forth a claim under that statute.

> to embezzle the excess amounts for themselves in the instant matter. Also, the Plaintiff was threatened with termination if they opposed any of this unlawful conduct.
> 53.    Also, the Plaintiff was threatened with termination if they opposed any of this unlawful conduct.
> 54.    As a result, the Plaintiff is seeking compensatory and punitive damages for any and all damages resulting directly and proximately from the Defendant's conduct in an amount to be determined at trial in addition to any and all other relief that is deemed fair and equitable by this Honorable Court.

Compl. ¶¶ 48-51. Plaintiff's general statements concerning what federal law and "S.C. Labor law" require do nothing to provide Defendants with an understanding of Plaintiff's precise claims or how he alleges the FLSA was violated.

In responding to Defendants' Motion Plaintiff arguably explains that he is pursuing a claim of unpaid overtime in violation of the FLSA. Pl. Mem. 6 ("By falsifying work hours and failing to pay overtime, Defendants systemically violated the FLSA, which protects employees from wage theft and mandates compensation for overtime at a rate not less than one and one-half times the regular rate of pay."). Again, though, Plaintiff's arguments in response to a motion are not considered to amend his current Complaint in any manner.

Further, Plaintiff submits he has provided information in the Complaint that the pleading does not include. For example, Plaintiff argues his Complaint "specifies that Plaintiff was required to work overtime without receiving proper compensation, in direct violation" of the FLSA. Pl. Mem. 15. He submits the Complaint includes "specific references to periods where Plaintiff worked beyond the standard workweek without adequate pay." *Id.* It does not, however. Plaintiff's several references to Saturday work, *e.g.*, Compl. ¶ 51, alone do not set out a plausible claim. While Plaintiff is correct that, at this stage, he would not necessarily "need to detail each individual paycheck or the exact hours worked to survive a motion to dismiss," Pl. Mem. 15, he must provide more detail than he has provided. As written, this portion of Plaintiff's Complaint is a hodge-podge of references to general law requiring employees to be paid equitable wages and general allegations relating to purported

kickbacks and embezzlement that Plaintiff discussed elsewhere. Missing are details concerning circumstances surrounding the alleged FLSA violation(s).

Plaintiff has not set forth facts sufficient to allege a plausible FLSA violation. That claim is subject to dismissal.

C. Individual Defendants

As discussed above, Plaintiff's Complaint is deficient in that he makes various references to "Defendant" and "Defendants" without explaining which Defendant or Defendant he contends is responsible for the various causes of action. Further, the court notes the Complaint itself does not list individuals William Arnold or Deborah Arnold by name, let alone attribute specific allegations as to either of them. The only mention of the Arnolds is to list them as "Owner and President" and "Owner" respectively in the list of "Defendants." ECF No. 1-1 at 2. This failure alone is sufficient to require dismissal of William Arnold and Deborah Arnold as parties to this litigation.

The court further notes that, in responding to the Motion to Dismiss, Plaintiff generally submits that all Defendants—Coastal, William Arnold, and Deborah Arnold—may be jointly responsible for all acts "if [] individuals direct those corporate acts." Pl. Mem. 8. However, to the extent this argument is even considered, it oversimplifies legal doctrine concerning circumstances under which corporate officers may be found responsible for corporate acts. *See generally* Reply 9-11. Nothing in the Complaint sets out a plausible claim against William Arnold or Deborah Arnold. They should be dismissed as Defendants.

D. Rule 11 request

Defendants conclude their motion by requesting "fees and costs incurred for having to defend this claim," citing Federal Rule of Civil Procedure 11. Defs. Mem. 17. While such a request is within the discretion of the District Judge to consider, the undersigned is of the opinion that pro se Plaintiff's pleading is not one that should entitle Defendants to fees and costs under the auspices of Rule 11.

IV.     Conclusion and recommendation

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss, ECF No. 35, be *granted* and Plaintiff's Complaint be dismissed as to all Defendants. It is not recommended, however, that Defendants be awarded fees and costs. Further, it is recommended that Plaintiff be given a reasonable opportunity to present an amended complaint.[11]

IT IS SO RECOMMENDED.

August 30, 2024                                         Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[11] Of course both parties will have an opportunity to file any objections to this Report and Recommendation as explained in the attached "Notice of Right to File Objections to Report and Recommendation." Plaintiff should wait for the District Judge to issue its Order regarding this Report and Recommendation on the pending Motion to Dismiss before attempting to submit any amended complaint.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).