IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Govan, | Case No.: 4:23-cv-6244-JD-KDW |
|     Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Coastal Walls and Ceiling; William Arnold; and Deborah Arnold, | |
|     Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 165.) Plaintiff Duane Govan ("Plaintiff" or "Govan"), proceeding *pro se*, brings this action against Defendants Coastal Walls and Ceiling, William Arnold, and Deborah Arnold (collectively "Defendants"), alleging, among other things, violation of the Fair Labor Standards Act ("FLSA") and employment retaliation. Specifically, the Complaint sets out the following causes of action: (1) Breach of contract; (2) Fraudulent misrepresentation; (3) Personal injury ("Against John Doe Manager in Individual Capacity"); and IV) Violation of Fair Labor Standards Act, 29 U.S.C. § 203, *et seq*.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On April 18, 2024, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and failure to plead fraudulent misrepresentation with sufficient particularity. (DE 35.) Under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the motion to dismiss and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 40.) Plaintiff filed a Response in opposition on May 20, 2024. (DE 44.) Defendants filed a reply on May 28, 2024. (DE 45.) The Report was issued on August 30, 2024, recommending that Defendants' Motion to Dismiss (DE 35) be granted, Plaintiff's Complaint be dismissed as to all Defendants, and Plaintiff be given a reasonable opportunity to present an amended complaint. (DE 50.) Further, the Report does not recommend that Defendants be awarded fees and costs. (*Id.*)

Plaintiff did not file an objection to the Report.[2] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Although Plaintiff filed a motion seeking "the court allow [him] 60 business days to secure legal council [sic] regarding this case and EEOC charge 14C-2024-00312, a related case with the same defendant," given the ruling herein and the lack of prejudice to the Plaintiff, the Court declines to grant this request.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 50) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 35) is granted, and Plaintiff's Complaint is dismissed as to all Defendants, subject to the Court granting Plaintiff leave to secure legal counsel and file an amended complaint by November 16, 2024; otherwise, this action will be dismissed in its entirety without further action from the Court. Further, the Court declines to award Defendants fees and costs at this time.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 16, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.